1 | EILEEN M. DECKER
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
JAMES A. BOWMAN (Cal. Bar No. 220227)
4 | CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorneys
5 | Major Frauds Section
        1100 United States Courthouse
6 |      312 North Spring Street
        Los Angeles, California 90012
7 |      Telephone: (213) 894-2213/0610
        Facsimile: (213) 894-6269
8 |      E-mail: james.bowman@usdoj.gov
                christopher.pelham@usdoj.gov
9 |
Attorneys for Plaintiff
10 | UNITED STATES OF AMERICA

11 |

                    UNITED STATES DISTRICT COURT

12 |

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 |

UNITED STATES OF AMERICA,          No. CR 13-48-SVW

14 |

            Plaintiff,

15 |
                                   AMENDED PLEA AGREEMENT FOR
            v.                     DEFENDANT EDON MOYAL

16 |

EDON MOYAL,

17 |

            Defendant.

18 |

19 |      1.    This constitutes the amended plea agreement between EDON

20 | MOYAL ("defendant") and the United States Attorney's Office for the

21 | Central District of California (the "USAO") in the above-captioned

22 | case.  On August 12, 2013, defendant entered into a plea agreement

23 | with the USAO (docket no. 260) and pled guilty pursuant to this

24 | agreement to count one of the indictment, which charges him with

25 | conspiracy to commit securities fraud and wire fraud in violation of

26 | 18 U.S.C. § 371.  On March 25, 2014, the USAO informed the parties

27 | and the Court that it would treat the wiretaps in this case as if

28 | they had been ordered suppressed.  Because defendant pled guilty

1  before the USAO elected not to use the wiretaps in this case, and

2  because the guideline stipulations, the factual basis, and other

3  aspects of the prior plea agreement were based on evidence obtained

4  from the now-suppressed wiretaps, the parties believe it is

5  appropriate to enter into and file an amended plea agreement.  This

6  amended agreement is limited to the USAO and cannot bind any other

7  federal, state, local, or foreign prosecuting, enforcement,

8  administrative, or regulatory authorities.

9                          DEFENDANT'S OBLIGATIONS

10      2.   Defendant agrees to:

11           a)   At the earliest opportunity requested by the USAO and

12  provided by the Court, appear and re-enter a plea of guilty to count

13  one of the indictment in United States v. Regis Possino, et al., CR

14  13-48-SVW, which charges defendant with conspiracy to commit

15  securities fraud in violation of 18 U.S.C. § 371.

16           b)   Not contest facts agreed to in this amended

17  agreement.

18           c)   Abide by all agreements regarding sentencing

19  contained in this amended agreement.

20           d)   Appear for all court appearances, surrender as

21  ordered for service of sentence, obey all conditions of any bond,

22  and obey any other ongoing court order in this matter.

23           e)   Not commit any crime; however, offenses that would be

24  excluded for sentencing purposes under United States Sentencing

25  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

26  not within the scope of this amended agreement.

27           f)   Be truthful at all times with Pretrial Services, the

28  United States Probation Office, and the Court.

2

g)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h)   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

3.   Defendant further agrees to cooperate fully with the USAO, the FBI, the IRS, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a)   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b)   Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c)   Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.   For purposes of this amended agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this amended agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this amended agreement.

<u>THE USAO'S OBLIGATIONS</u>

5.   The USAO agrees to:

3

1         a)   Not contest facts agreed to in this amended
2 agreement.

3         b)   Abide by all agreements regarding sentencing
4 contained in this amended agreement.

5         c)   At the time of sentencing, move to dismiss the
6 remaining counts of the indictment as against defendant.  Defendant
7 agrees, however, that at the time of sentencing the Court may
8 consider any dismissed charges in determining the applicable
9 Sentencing Guidelines range, the propriety and extent of any
10 departure from that range, and the sentence to be imposed.

11         d)   At the time of sentencing, provided that defendant
12 demonstrates an acceptance of responsibility for the offense up to
13 and including the time of sentencing, recommend a two-level
14 reduction in the applicable Sentencing Guidelines offense level,
15 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
16 for an additional one-level reduction if available under that
17 section.

18         e)   Recommend that defendant be sentenced to a term of
19 imprisonment no higher than the low end of the applicable Sentencing
20 Guidelines range.  For purposes of this amended agreement, the low
21 end of the Sentencing Guidelines range is that defined by the
22 Sentencing Table in U.S.S.G. Chapter 5, Part A.

23   6.   The USAO further agrees:

24         a)   Not to offer as evidence in its case-in-chief in the
25 above-captioned case or any other criminal prosecution that may be
26 brought against defendant by the USAO, or in connection with any
27 sentencing proceeding in any criminal case that may be brought
28 against defendant by the USAO, any Cooperation Information.

1   Defendant agrees, however, that the USAO may use both Cooperation

2   Information and Plea Information: (1) to obtain and pursue leads to

3   other evidence, which evidence may be used for any purpose,

4   including any criminal prosecution of defendant; (2) to cross-

5   examine defendant should defendant testify, or to rebut any evidence

6   offered, or argument or representation made, by defendant,

7   defendant's counsel, or a witness called by defendant in any trial,

8   sentencing hearing, or other court proceeding; and (3) in any

9   criminal prosecution of defendant for false statement, obstruction

10  of justice, or perjury.

11          b)   Not to use Cooperation Information against defendant

12  at sentencing for the purpose of determining the applicable

13  guideline range, including the appropriateness of an upward

14  departure, or the sentence to be imposed, and to recommend to the

15  Court that Cooperation Information not be used in determining the

16  applicable guideline range or the sentence to be imposed.  Defendant

17  understands, however, that Cooperation Information will be disclosed

18  to the probation office and the Court, and that the Court may use

19  Cooperation Information for the purposes set forth in U.S.S.G

20  § 1B1.8(b) and for determining the sentence to be imposed.

21          c)   In connection with defendant's sentencing, to bring

22  to the Court's attention the nature and extent of defendant's

23  cooperation.

24          d)   If the USAO determines, in its exclusive judgment,

25  that defendant has both complied with defendant's obligations under

26  paragraphs 2 and 3 above and provided substantial assistance to law

27  enforcement in the prosecution or investigation of another

28  ("substantial assistance"), to move the Court pursuant to U.S.S.G.

5

1  § 5K1.1 to fix an offense level and corresponding guideline range

2  below that otherwise dictated by the sentencing guidelines, and to

3  recommend a term of imprisonment within this reduced range.

4  <u>DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION</u>

5      7.    Defendant understands the following:

6      a)    Any knowingly false or misleading statement by

7  defendant will subject defendant to prosecution for false statement,

8  obstruction of justice, and perjury and will constitute a breach by

9  defendant of this agreement.

10      b)    Nothing in this amended agreement requires the USAO

11  or any other prosecuting, enforcement, administrative, or regulatory

12  authority to accept any cooperation or assistance that defendant may

13  offer, or to use it in any particular way.

14      c)    Defendant cannot withdraw defendant's guilty plea if

15  the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a

16  reduced guideline range or if the USAO makes such a motion and the

17  Court does not grant it or if the Court grants such a USAO motion

18  but elects to sentence above the reduced range.

19      d)    At this time the USAO makes no agreement or

20  representation as to whether any cooperation that defendant has

21  provided or intends to provide constitutes or will constitute

22  substantial assistance.  The decision whether defendant has provided

23  substantial assistance will rest solely within the exclusive

24  judgment of the USAO.

25      e)    The USAO's determination whether defendant has

26  provided substantial assistance will not depend in any way on

27  whether the government prevails at any trial or court hearing in

28

1  which defendant testifies or in which the government otherwise

2  presents information resulting from defendant's cooperation.

3                           NATURE OF THE OFFENSE

4     8.   Defendant understands that for defendant to be guilty of

5  the crime charged in count one, that is, conspiracy to commit

6  securities fraud, in violation of Title 18, United States Code,

7  Section 371, the following must be true:

8        a) Beginning in or about January 2010, and continuing

9  through in or about December 2010, there was an agreement between

10 two or more persons to commit the crimes of wire fraud in violation

11 of 18 U.S.C. § 1343, securities fraud in violation of 18 U.S.C.

12 § 1348, and securities fraud in violation of Title 15, United States

13 Code, Sections 78j(b), and 78ff, and Title 17, Code of Federal

14 Regulations, Section 240.10b-5;

15       b) The defendant became a member of the conspiracy knowing

16 of at least one of its objects and intending to help accomplish it;

17 and

18       c) One of the members of the conspiracy performed at least

19 one overt act for the purpose of carrying out the conspiracy.

20    9.   Defendant further understands that the elements of wire

21 fraud in violation of Title 18, United States Code, Section 1343,

22 are as follows:

23       a)   Defendant knowingly devised a scheme or plan to

24            i)   defraud as to a material matter; or

25            ii)  obtain money or property by means of false or

26 fraudulent pretenses, representations, or promises;

27

28

                                   7

b)    The statements made or facts omitted as part of the scheme were material;

c)    Defendant acted with the intent to defraud; and

d)    Defendant used an interstate wire to carry out an essential part of the scheme.

10.   Defendant further understands that the elements of securities fraud in violation of Title 18, United States Code, Section 1348, are as follows:

a)    Defendant knowingly executed, knowingly attempted to execute, or knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

b)    The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

c)    The scheme was in connection with any security of an issuer with a class of securities registered under section 12 of the Securities and Exchange Act of 1934, or that is required to file reports under section 15(d) of the Securities and Exchange Act of 1934; and

d)    Defendant acted with the intent to defraud.

11.   Defendant further understands that the elements of securities fraud in violation of Title 15, United States Code, Sections 78j(b), and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, are as follows:

a)    Defendant willfully (i) used a device or scheme to defraud someone, (ii) made an untrue statement of a material fact or

1 failed to disclose a material fact that made defendant's statements

2 misleading, or (iii) engaged in any act, practice, or course of

3 business that operated or would have operated as a fraud or deceit

4 upon any person;

5         b)   Defendant's acts or failure to disclose were done in

6 connection with the purchase or sale of certain securities;

7         c)   Defendant directly or indirectly used an

8 instrumentality of interstate commerce, the mails, or a national

9 securities exchange in connection with these acts or failure to

10 disclose; and

11         d)   Defendant acted knowingly.

12 <u>PENALTIES AND RESTITUTION</u>

13     12.   Defendant understands that the statutory maximum sentence

14 that the Court can impose for a violation of Title 18, United States

15 Code, Section 371, is: five years imprisonment; a three-year period

16 of supervised release; a fine of $250,000 or twice the gross gain or

17 gross loss resulting from the offense, whichever is greatest; and a

18 mandatory special assessment of $100.

19     13.   Defendant agrees to make full restitution to the victims

20 of the offense to which defendant is pleading guilty.  Defendant

21 agrees that, in return for the USAO's compliance with its

22 obligations under this amended agreement, the Court may order

23 restitution to persons other than the victims of the offenses to

24 which defendant is pleading guilty and in amounts greater than those

25 alleged in the count to which defendant is pleading guilty.  In

26 particular, defendant agrees that the Court may order restitution to

27 any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3,

28

1 in connection with the offenses to which defendant is pleading
2 guilty.

3     14. Defendant understands that supervised release is a period
4 of time following imprisonment during which defendant will be
5 subject to various restrictions and requirements. Defendant
6 understands that if defendant violates one or more of the conditions
7 of any supervised release imposed, defendant may be returned to
8 prison for all or part of the term of supervised release authorized
9 by statute for the offense that resulted in the term of supervised
10 release, which could result in defendant serving a total term of
11 imprisonment greater than the statutory maximum stated above.

12     15. Defendant understands that, by pleading guilty, defendant
13 may be giving up valuable government benefits and valuable civic
14 rights, such as the right to vote, the right to possess a firearm,
15 the right to hold office, and the right to serve on a jury.
16 Defendant understands that once the court accepts defendant's guilty
17 plea, it will be a federal felony for defendant to possess a firearm
18 or ammunition. Defendant understands that the conviction in this
19 case may also subject defendant to various other collateral
20 consequences, including but not limited to revocation of probation,
21 parole, or supervised release in another case and suspension or
22 revocation of a professional license. Defendant understands that
23 unanticipated collateral consequences will not serve as grounds to
24 withdraw defendant's guilty plea.

25     16. Defendant understands that, if defendant is not a United
26 States citizen, the felony conviction in this case may subject
27 defendant to: removal, also known as deportation, which may, under
28 some circumstances, be mandatory; denial of citizenship; and denial

1   of admission to the United States in the future.   The court cannot,

2   and defendant's attorney also may not be able to, advise defendant

3   fully regarding the immigration consequences of the felony

4   conviction in this case.   Defendant understands that unexpected

5   immigration consequences will not serve as grounds to withdraw

6   defendant's guilty plea.

7                              FACTUAL BASIS

8       17.   Defendant admits that defendant is, in fact, guilty of the

9   offense to which defendant is agreeing to plead guilty.   Defendant

10  and the USAO agree to the statement of facts provided below and

11  agree that this statement of facts is sufficient to support a plea

12  of guilty to the charge described in this agreement and to establish

13  the Sentencing Guidelines factors set forth in paragraphs 19 below

14  but is not meant to be a complete recitation of all facts relevant

15  to the underlying criminal conduct or all facts known to either

16  party that relate to that conduct.

17      Beginning no later than January 2010 and continuing through at

18  least December 2010, defendant knowingly participated and engaged in

19  a scheme to defraud investors through the manipulation of securities

20  of an issuer with a class of securities registered under Section 12

21  of the Securities Exchange Act of 1934, or that is required to file

22  reports under Section 15(d) of the Securities Exchange Act of 1934.

23      During the relevant time period, defendant controlled, among

24  other entities, 8 Sounds, Inc. and 8 Money, Inc.

25      As part of the conspiracy, defendant agreed to assist his co-

26  conspirators -- including but not limited to co-defendants Regis

27  Possino, Grover Henry Colin Nix IV, Tarun Mendiratta, Ivano

28  Angelastri, Mark Harris, and Joseph Scarpello -- to generate illegal

1  profits from fraudulently manipulating the price and volume of the

2  publicly-traded stock of Sport Endurance, Inc. ("Sport Endurance").

3      In furtherance of the scheme, defendant and his co-conspirators

4  committed numerous overt acts which allowed them to conceal certain

5  conspirators' ownership and control over the free trading shares of

6  the Sport Endurance's stock, fraudulently inflate the price and

7  trading volume of that company's stock, and then coordinate the sale

8  of that company's stock at fraudulently inflated prices to the

9  investing public.

10      During the scheme, defendant and his co-conspirators gained

11  control over all or substantially all of Sport Endurance's free

12  trading shares of stock.  Further, defendant and his co-conspirators

13  took steps to conceal from the investing public their control over

14  Sport Endurance's free trading shares of stock.  In addition,

15  defendant and his co-conspirators hid their control over Sport

16  Endurance's stock by, among other things, transferring ownership of

17  the shares to various nominee entities and individuals whom

18  defendant and his co-conspirators, in fact, controlled.

19      After they obtained control of Sport Endurance's free trading

20  shares of stock, defendant assisted his co-conspirators in

21  fraudulently inflating the price and trading volume of Sport

22  Endurance's stock.  Specifically, during the relevant time period,

23  defendant wired or otherwise transferred over one million dollars to

24  accounts defendant knew to be controlled by his co-conspirators.

25  Defendant knew that his co-conspirators used these funds to, among

26  other things, pay stock promoters and analysts to recommend Sport

27  Endurance (and other companies') stock to the investing public.

28  Defendant knew that the recommendations of the stock promoters and

1  analysts, at a minimum, omitted material information that was
2  necessary to make the recommendations not false and misleading.
3  Defendant also took steps to conceal from the public the fact that
4  he and his co-conspirators were the source of funds paid to the
5  stock promoters and analysts.  In addition, defendant knew that the
6  money that he wired to his co-conspirators was used for other
7  methods of generating interest in Sport Endurance's stock,
8  including, but not limited to, issuing press releases and celebrity
9  endorsements that defendant knew contained false and misleading
10 information regarding Sport Endurance's actual business operations,
11 and that defendant knew omitted material information that was
12 necessary to make the press releases and celebrity endorsements not
13 false or misleading.
14      Through the fraudulent steps described above, and others,
15 defendant and his co-conspirators were successful in fraudulently
16 inflating the price and trading volume of Sport Endurance's stock,
17 and defendant and his co-conspirators sold their shares of Sport
18 Endurance's stock to unsuspecting victim investors at the
19 fraudulently inflated prices.  In all, defendant and his co-
20 conspirators generated more than $1 million from their sale of Sport
21 Endurance's stock as part of the illegal scheme described above.

22                        SENTENCING FACTORS

23      18.  Defendant understands that in determining defendant's
24 sentence the Court is required to calculate the applicable
25 Sentencing Guidelines range and to consider that range, possible
26 departures under the Sentencing Guidelines, and the other sentencing
27 factors set forth in 18 U.S.C. § 3553(a).  Defendant understands
28 that the Sentencing Guidelines are advisory only, that defendant

                              13

1 | cannot have any expectation of receiving a sentence within the

2 | calculated Sentencing Guidelines range, and that after considering

3 | the Sentencing Guidelines and the other § 3553(a) factors, the Court

4 | will be free to exercise its discretion to impose any sentence it

5 | finds appropriate up to the maximum set by statute for the crimes of

6 | conviction.

7 | 19.  Defendant and the USAO agree to the following applicable

8 | Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 7 | USSG § 2B1.1(a)(2) |
| Loss more than $1 million, less than $2.5 million: | | +16 | USSG § 2B1.1(b)(1)(I) |
| Committed Through Mass Marketing | : | +2 | USSG § 2B1.1(b)(2)(A)(ii) |
| Sophisticated Means | : | +2 | USSG § 2B1.1(b)(10)(C) |
| Offense Committed While On Pretrial Release | : | +3 | USSG § 3C1.3 |

20.  On April 19, 2015, the Sentencing Commission approved amendments to the Sentencing Guidelines that will go into effect on November 1, 2015, unless modified or disapproved by Act of Congress. If defendant's sentencing were governed by those amendments, defendant and the USAO agree the following applicable Sentencing Guidelines factors would apply:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 7 | USSG § 2B1.1(a)(2) |
| Loss more than $550,000, less than $1.5 million: | | +14 | USSG § 2B1.1(b)(1)(I) |
| Committed Through Mass Marketing | : | +2 | USSG § 2B1.1(b)(2)(A)(ii) |
| Sophisticated Means | : | +2 | USSG § 2B1.1(b)(10)(C) |
| Offense Committed While On Pretrial Release | : | +3 | USSG § 3C1.3 |

21.   In addition to the guideline stipulations in paragraphs 19 and 20 above, the USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 2 and 3 are met. Subject to paragraph 34, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed, with the following exceptions:

a) The USAO will recommend that defendant's sentence be reduced from the advisory sentencing guideline range by the equivalent of four levels as a downward variance under United States v. Booker, 543 U.S. 220 (2005), because the total loss from the scheme overstates defendant's culpability in comparison to other, similarly situated defendants;

b) If the USAO determines, in its exclusive judgment, that defendant has shown early acceptance of responsibility by making a timely, truthful, and complete proffer with the USAO regarding defendant's role in the crimes alleged in the indictment, then taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) as well as the unique circumstances in this case (including the size and complexity of the case and the resources saved by the government and the Court due to this early disposition), the USAO will further recommend that defendant's sentence be reduced from the advisory sentencing guideline range by the equivalent of two levels as a downward variance under United States v. Booker, 543 U.S. 220 (2005);

1    d) If, after signing this agreement but prior to
2  sentencing, defendant were to commit an act, or the USAO were to
3  discover a previously undiscovered act committed by defendant prior
4  to signing this agreement, which act, in the judgment of the USAO,
5  constituted obstruction of justice within the meaning of U.S.S.G.
6  § 3C1.1, the USAO would be free to seek the enhancement set forth in
7  that section.

8    22.  Defendant understands that there is no agreement as to
9  defendant's criminal history or criminal history category.

10    23.  Defendant and the USAO reserve the right to argue for a
11  sentence outside the sentencing range established by the Sentencing
12  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
13  (a)(2), (a)(3), (a)(6), and (a)(7).

14                WAIVER OF CONSTITUTIONAL RIGHTS

15    24.  Defendant understands that by pleading guilty, defendant
16  gives up the following rights:

17        a)    The right to persist in a plea of not guilty.

18        b)    The right to a speedy and public trial by jury.

19        c)    The right to be represented by counsel – and if
20  necessary have the court appoint counsel – at trial.  Defendant
21  understands, however, that, defendant retains the right to be
22  represented by counsel – and if necessary have the court appoint
23  counsel – at every other stage of the proceeding.

24        d)    The right to be presumed innocent and to have the
25  burden of proof placed on the government to prove defendant guilty
26  beyond a reasonable doubt.

27        e)    The right to confront and cross-examine witnesses
28  against defendant.

1    f)   The right to testify and to present evidence in

2  opposition to the charges, including the right to compel the

3  attendance of witnesses to testify.

4    g)   The right not to be compelled to testify, and, if

5  defendant chose not to testify or present evidence, to have that

6  choice not be used against defendant.

7    h)   Any and all rights to pursue any affirmative

8  defenses, Fourth Amendment or Fifth Amendment claims, and other

9  pretrial motions that have been filed or could be filed.

10    i)   The USAO previously notified defendant and the Court

11  that it would treat the wiretaps in this case as if the motions to

12  suppress those wiretaps had been granted.  The USAO also produced to

13  defendant (and the other defendants in the case) the materials which

14  led to its decision to self-suppress the wiretaps.  Defendant and

15  his counsel have reviewed and discussed these materials.  Defendant

16  understands that by pleading guilty, defendant gives up any and all

17  rights to bring any motion that could be brought based, in whole or

18  in part, on the suppression of the wiretaps, the materials which led

19  to the government's decision to suppress the wiretaps, any defenses

20  that could be raised in connection with the suppression of the

21  wiretaps and the produced materials, and any challenges or motions

22  that could be raised against the remaining evidence in the case.

23                    <u>WAIVER OF APPEAL OF CONVICTION</u>

24    25.  Defendant understands that, with the exception of an

25  appeal based on a claim that defendant's guilty plea were

26  involuntary, by pleading guilty defendant is waiving and giving up

27  any right to appeal defendant's conviction on the offense to which

28  defendant is pleading guilty.

                                17

1  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

2     26.  Defendant agrees that, provided the Court imposes a total

3  term of imprisonment of no more than 30 months, defendant gives up

4  the right to appeal all of the following: (a) the procedures and

5  calculations used to determine and impose any portion of the

6  sentence; (b) the term of imprisonment imposed by the Court; (c) the

7  fine imposed by the court, provided it is within the statutory

8  maximum; (d) the term of probation or supervised release imposed by

9  the Court, provided it is within the statutory maximum; and (e) any

10 of the following conditions of probation or supervised release

11 imposed by the Court: the conditions set forth in General Orders

12 318, 01-05, and/or 05-02 of this Court; the drug testing conditions

13 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

14 drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

15    27.  The USAO agrees that, provided (a) all portions of the

16 sentence are at or below the statutory maximum specified above, the

17 USAO gives up its right to appeal any portion of the sentence.

18              <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19    28.  Defendant agrees that if, after entering a guilty plea

20 pursuant to this agreement, defendant seeks to withdraw and succeeds

21 in withdrawing defendant's guilty plea on any basis other than a

22 claim and finding that entry into this amended plea agreement was

23 involuntary, then (a) the USAO will be relieved of all of its

24 obligations under this amended agreement, including in particular

25 its obligations regarding the use of Cooperation Information; (b) in

26 any investigation, criminal prosecution, or civil, administrative,

27 or regulatory action, defendant agrees that any Cooperation

28 Information and any evidence derived from any Cooperation

18

1  Information shall be admissible against defendant, and defendant
2  will not assert, and hereby waives and gives up, any claim under the
3  United States Constitution, any statute, or any federal rule, that
4  any Cooperation Information or any evidence derived from any
5  Cooperation Information should be suppressed or is inadmissible; and
6  (c) should the USAO choose to pursue any charge that was either
7  dismissed or not filed as a result of this amended agreement, then
8  (i) any applicable statute of limitations will be tolled between the
9  date of defendant's signing of this agreement and the filing
10 commencing any such action; and (ii) defendant waives and gives up
11 all defenses based on the statute of limitations, any claim of pre-
12 indictment delay, or any speedy trial claim with respect to any such
13 action, except to the extent that such defenses existed as of the
14 date of defendant's signing the prior plea agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

16      29.  Defendant agrees that if the count of conviction is
17 vacated, reversed, or set aside, both the USAO and defendant will be
18 released from all their obligations under this amended agreement.

EFFECTIVE DATE OF AGREEMENT

20      30.  This amended agreement is effective upon signature and
21 execution of all required certifications by defendant, defendant's
22 counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24      31.  Defendant agrees that if defendant, at any time after the
25 signature of this amended agreement and execution of all required
26 certifications by defendant, defendant's counsel, and an Assistant
27 United States Attorney, knowingly violates or fails to perform any
28 of defendant's obligations under this amended agreement ("a

19

breach"), the USAO may declare this amended agreement breached.  For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this amended agreement.  All of defendant's obligations are material, a single breach of this amended agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this amended agreement breached, and the Court finds such a breach to have occurred, then:

a)   If defendant has previously entered guilty plea pursuant to this amended agreement, defendant will not be able to withdraw the guilty plea.

b)   The USAO will be relieved of all its obligations under this amended agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated to dismiss pursuant to this agreement; and (iii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c)   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d)   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

32.   Following the Court's finding of a knowing breach of this amended agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this amended agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to

1  the extent that such defenses existed as of the date of defendant's

2  signing of the prior plea agreement.

3           c)    Defendant agrees that: (i) any statements made by

4  defendant, under oath, at the guilty plea hearing (if such a hearing

5  occurred prior to the breach); (ii) the agreed to factual basis

6  statement in this amended agreement; and (iii) any evidence derived

7  from such statements, shall be admissible against defendant in any

8  such action against defendant, and defendant waives and gives up any

9  claim under the United States Constitution, any statute, Rule 410 of

10 the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

11 Criminal Procedure, or any other federal rule, that the statements

12 or any evidence derived from the statements should be suppressed or

13 are inadmissible.

14                    COURT AND PROBATION OFFICE NOT PARTIES

15      33.   Defendant understands that the Court and the United States

16 Probation Office are not parties to this amended agreement and need

17 not accept any of the USAO's sentencing recommendations or the

18 parties' agreements to facts or sentencing factors.

19      34.   Defendant understands that both defendant and the USAO are

20 free to: (a) supplement the facts by supplying relevant information

21 to the United States Probation Office and the Court, (b) correct any

22 and all factual misstatements relating to the Court's Sentencing

23 Guidelines calculations and determination of sentence, and (c) argue

24 on appeal and collateral review that the Court's Sentencing

25 Guidelines calculations and the sentence it chooses to impose are

26 not error, although each party agrees to maintain its view that the

27 calculations in paragraphs 19, 20, and 21 are consistent with the

28 facts of this case.  While this paragraph permits both the USAO and

1  defendant to submit full and complete factual information to the

2  United States Probation Office and the Court, even if that factual

3  information may be viewed as inconsistent with the facts agreed to

4  in this amended agreement, this paragraph does not affect

5  defendant's and the USAO's obligations not to contest the facts

6  agreed to in this amended agreement.

7      35.  Defendant understands that even if the Court ignores any

8  sentencing recommendation, finds facts or reaches conclusions

9  different from those agreed to, and/or imposes any sentence up to

10  the maximum established by statute, defendant cannot, for that

11  reason, withdraw defendant's guilty plea, and defendant will remain

12  bound to fulfill all defendant's obligations under this amended

13  agreement.  Defendant understands that no one -- not the prosecutor,

14  defendant's attorney, or the Court -- can make a binding prediction

15  or promise regarding the sentence defendant will receive, except

16  that it will be within the statutory maximum.

17                      NO ADDITIONAL AGREEMENTS

18      36.  This amended agreement supersedes and replaces the prior

19  plea agreement between the USAO and defendant.  Defendant

20  understands that, except as set forth herein, there are no promises,

21  understandings, or agreements between the USAO and defendant or

22  defendant's attorney, and that no additional promise, understanding,

23  or agreement may be entered into unless in a writing signed by all

24  parties or on the record in court.

25            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26      37.  The parties agree that this amended agreement will be

27  considered part of the record of defendant's guilty plea hearing as

28

1  if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   STEPHANIE YONEKURA
6  Acting United States Attorney

7

8  JAMES A. BOWMAN                         7/15/15
   CHRISTOPHER K. PELHAM                   Date
9  Assistant United States Attorneys

10                                         7/6/15

   EDON MOYAL                              Date
11 Defendant

12                                         7.6.15

   STEVEN BRODY                            Date
13 Attorney for Defendant
   EDON MOYAL
14

15

16                 CERTIFICATION OF DEFENDANT

17      I have read this amended agreement in its entirety.  I have had

18 enough time to review and consider this amended agreement, and I

19 have carefully and thoroughly discussed every part of it with my

20 attorney.  I understand the terms of this amended agreement, and I

21 voluntarily agree to those terms.  I have discussed the evidence

22 with my attorney, and my attorney has advised me of my rights, of

23 possible pretrial motions that might be filed, of possible defenses

24 that might be asserted either prior to or at trial, of the

25 sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

26 Sentencing Guidelines provisions, and of the consequences of

27 entering into this amended agreement.  No promises, inducements, or

28

                            24

representations of any kind have been made to me other than those contained in this amended agreement.  No one has threatened or forced me in any way to enter into this amended agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this amended agreement, and not for any other reason.

_____                    7/6/15
EDON MOYAL                                  _____
Defendant                                   Date

1           CERTIFICATION OF DEFENDANT'S ATTORNEY

2     I am EDON MOYAL's attorney.  I have carefully and thoroughly

3 discussed every part of this amended agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that

6 might be asserted either prior to or at trial, of the sentencing

7 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8 Guidelines provisions, and of the consequences of entering into this

9 agreement.  To my knowledge: no promises, inducements, or

10 representations of any kind have been made to my client other than

11 those contained in this amended agreement; no one has threatened or

12 forced my client in any way to enter into this amended agreement; my

13 client's decision to enter into this amended agreement is an

14 informed and voluntary one; and the factual basis set forth in this

15 agreement is sufficient to support my client's entry of a guilty

16 plea pursuant to this amended agreement.

17

18 _____    7-6-15

19 STEVEN BRODY               Date
   Attorney for Defendant

20 EDON MOYAL

21

22

23

24

25

26

27

28